___ FILED    ___ LODGED
___ RECEIVED ___ COPY

MAY 2 3 2022

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ DEPUTY

# UNITED STATES DISTRICT COURT
## for the
## DISTRICT OF ARIZONA

| | |
|---|---|
| MARY S. GARROW | CASE NO. CV22-00243-TUC-LAB |
| Plaintiff, | |
| -v- | |
| TUCSON CLIPS LLC dba GREAT CLIPS, | Jury Trial Requested |
| Defendant(s) | |

## COMPLAINT

**I.   PARTIES**

    A.   PLAINTIFF

        Mary S. Garrow, *Pro Se*
        4684 West Lindenthal Lane
        Tucson, Pima County
        Arizona 85742
        (520) 396-8217
        Email: msbeauty520@yahoo.com

    B.   DEFENDANT(S)

        Tucson Clips LLC
        c/o Jason R. Mullis Esq.
        WOOD SMITH HENNING & BERMAN LLP
        2525 East Camelback Road, Suite 450
        Phoenix, Maricopa County
        Arizona 85016-4210
        Email: jmullis@washblaw.com

**II.   JURISDICTION**

The basis for jurisdiction is federal questions at issue in this case, specifically the following: discrimination (race and age), retaliation, preferential treatment under Title VII, and Intentional Infliction of Emotional Distress.

## III.   STATEMENT OF CLAIMS

Plaintiff filed her Employment Charge of Discrimination on January 14, 2021, which gave rise to the issuance of Plaintiff's Right to Sue letter dated February 16, 2022 (Plaintiff received on or about February 19, 2022). Plaintiff makes the following statements regarding her claims that entitle her to damages in this case and show how Defendants' conduct caused Plaintiff harm and/or violated her rights.

Plaintiff has over 33+ years' salon full-service business owner, experience and qualifications as a professional hair stylist, and massage therapist, has owned her own businesses: two locations in Phoenix, Garrow's Hair Salon, at 51st / Peoria for 5 years, and 35th Ave / Peoria for 20 years; one location in Tucson at Carondelet/Wilmont for 8 years. Plaintiff had also worked for Tucson Clips 10 years prior without incident, she only left to continue her own business in the Tucson area.

- Conduct of Defendant General Manager (GM), Heather Acevedo, that caused Plaintiff harm and/or violated her rights: on November 28, 2020, GM filed a false report regarding a customer at Twin Peaks who complained about Plaintiff's work but this was proven to not be true; also on about the same time, GM called and coached Plaintiff's next-door neighbor, who was Plaintiff's personal customer, to get him to complain/make a negative report about Plaintiff but he refused to do so.

- Conduct of Denise Keller, that caused Plaintiff harm and/or violated her rights: GM for the Desert Sky facility in Phoenix, promised to train Plaintiff as a lead stylist because the manager at that facility needed a sick leave. Plaintiff offered to work in the manager's stead even though she was not trained as promised by the GM or paid lead stylist pay for working ten days. Due to COVID-19, Twin Peaks in Tucson was closed down during March and May 2020.

- Conduct of Defendant Manager, Natalie Olson, that caused Plaintiff harm and/or violated her rights: on Plaintiff's hire date February 13, 2020, Plaintiff asked for two considerations: (1) full-time hours, and (2) Sundays off for her worship-related duties, neither of which Natalie permitted.

### 1.   DISCRIMINATION: RACE/AGE

In Plaintiff's Employment Charge of Discrimination, she stated Tucson Clips (Respondent) subjected her to a hostile work environment, different terms and conditions of employment, frequent and over burdensome discipline, including 2-day suspension without pay and the threat and subsequent termination of employment. When Plaintiff brought up the subject of discrimination, she was continually subjected to written reprimands, misconduct allegations, retaliations, and the eventual wrongful termination.

,

2.  **RETALIATION**

General Manager (GM), Heather Acevedo, stated at the September 7, 2021 unemployment hearing that she was not going to terminate Plaintiff but because Plaintiff filed the false imprisonment report with the Marana Police Department, she not only wrongfully terminated Plaintiff, GM also suspended her for two days without pay.

3.  **PREFERENTIAL TREATMENT, UNDER TITLE VII**

In March 2020, GM hired a significantly younger, non-African American, recently trained stylist/new hire, Melissa Herring, who was given full-time hours. When Plaintiff raised her concerns to her manager, Natalie Olson, her concerns were ignored, and she was written up for alleged insubordinate behavior and kept at a part-time status. These obvious facts and events are the basis for Plaintiff's claims that entitle her to damages for a hostile work environment and preferential treatment given to a lesser qualified and lesser experienced hair stylist employee.

4.  **INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS (IIED)**

Plaintiff suffered significant hair loss as an obvious result of extreme stress during this period due to the constant hostility she experienced at her workplace. The Court should note that despite the wrongful mistreatment and abuse she suffered at the hand of her employer, she never missed a day of work, agreed to come in whenever and wherever she was asked to help out within the business. On February 6, 2021, at the time of the false imprisonment, Plaintiff felt threatened that she would be physically harmed due to the two women hovering over her in a menacing manner. This conduct by younger management was extremely distressing and disturbing for Plaintiff.

IV.  **RELIEF**

Plaintiff is asking the Court to order Defendant to pay damages and/or relief that include the wrongs committed against Plaintiff during her employment at Tucson Clips. Plaintiff is entitled to actual and/or punitive or exemplary money damages as stated below:

| | |
|---|---|
| For the Discrimination charges (race and age): | $100,000.00 |
| For Retaliation (including false imprisonment): | $200,000.00 |
| For Preferential Treatment: | $100,000.00 |
| For IIED (including hair loss caused by extreme stress): | $100,000.00 |
| **Total Award to Plaintiff:** | **$500,000.00** |

## V. CERTIFICATION AND CLOSING

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery, and (4) the complaint otherwise complies with the requirements of Rule 11.

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Submitted this 23rd day of May, 2022.

MARY S. GARROW, *Pro Se*

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing complaint was sent via U.S. mail on May 23, 2022 to:

Jason R. Mullis
Wood, Smith, Henning & Berman LLP
2525 E Camelback Road, Suite 450
Phoenix AZ 85016-4210

By:_____
Mary S. Garrow, *Pro Se*