**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Mary S. Garrow, ) | No. CV 22-00243-TUC-RM (LAB) |
| Plaintiff, ) | REPORT AND RECOMMENDATION |
| vs. ) | |
| Tucson Clips, LLC, doing business as Great Clips, ) | |
| Defendant. ) | |

Pending before the court is a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6), filed on September 8, 2022, by the defendant, Tucson Clips ("Clips"). (Doc. 8) The plaintiff, Mary Garrow, filed a response on October 31, 2022. (Doc. 15) Clips filed a reply on November 10, 2022. (Doc. 18)

The case has been referred to the Magistrate Judge for report and recommendation in accordance with 28 U.S.C. § 636(b)(1) and LRCiv. 72.1 and 72.2. (Doc. 7) A hearing on the motion was held on December 7, 2022. (Doc. 20)

The plaintiff, Garrow, maintains that she suffered discrimination while working as a hair stylist at Great Clips. (Doc. 1) On January 14, 2021, Garrow filed a charge of discrimination with the Arizona Attorney General's Office. (Doc. 8-3, p. 2) On February 10, 2021, Garrow filed a report with the Marana Police Department charging the General Manager Acevedo and others with false imprisonment. (Doc. 1, p. 3); *see* (Doc. 8-2) Apparently, at the end of the work day, Acevedo decided to address a complaint that a

customer had previously filed against Garrow. (Doc. 8-2) Garrow reported that the doors were locked during the meeting preventing her from leaving. *Id.* Acevedo denied her allegations. *Id.* The Marana Police Department concluded that probable case was lacking and the incident would not be referred for prosecution. *Id.* Shortly afterwards, Garrow was terminated. (Doc. 1, p. 3)

On May 23, 2022, Garrow filed in this court a Complaint, which is separated into four claims: (1) Discrimination: Race/Age; (2) Retaliation; (3) Preferential Treatment, Under Title VII; and (4) Intentional Infliction of Emotional Distress (IIED). (Doc. 1, pp. 2-3) She maintains that she received a "Right to Sue" letter dated February 16, 2022, but she did not attach the letter to her Complaint. (Doc. 1, p. 2)

On September 8, 2022, Clips filed the pending motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6). (Doc. 8) Clips argues generally that the Complaint fails to provide a "short and plain statement of the claim showing that she is entitled to relief" in accordance with Rule 8(a)(2). (Doc. 8, p. 2) Clips further asserts that the Complaint must be dismissed because, on December 20, 2021, Garrow entered into a Settlement Agreement with Clips releasing all of her claims in exchange for $6,000. (Doc. 8, pp. 9-10); *see* (Doc. 8-3). Clips attached a copy of the Settlement Agreement to its motion to dismiss. (Doc. 8-3) Garrow did not attach it to her Complaint.

Discussion

"A Rule 12(b)(6) motion tests the legal sufficiency of the claim." *Cook v. Brewer*, 637 F.3d 1002, 1004 (9th Cir. 2011). The claim must allege a legally cognizable theory of relief and include factual allegations sufficient to support that theory. *Hinds Investments, L.P. v. Angioli*, 654 F.3d 846, 850 (9th Cir. 2011).

"[O]n a motion to dismiss, the court presumes that the facts alleged by the plaintiff are true." *Brown v. Elec. Arts, Inc.*, 724 F.3d 1235, 1247 (9th Cir. 2013). The court need not, however, "assume the truth of legal conclusions cast in the form of factual allegations." *Id.* at 1248.

To survive the motion to dismiss, "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true even if doubtful in fact." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1965 (2007) (internal punctuation omitted). "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely." *Id.* at 556, 1965 (internal punctuation omitted).

"Generally, courts may not consider material outside the complaint when ruling on a motion to dismiss." *Young v. AmeriGas Propane, Inc.*, 2014 WL 5092878, at *3 (S.D. Cal. Oct. 9, 2014). However, "under the doctrine of incorporation by reference, courts may consider extrinsic documents if they are 'integral' to the plaintiff's claims and their authenticity is not in dispute." *Birdsong v. AT & T Corp.*, 2013 WL 1120783, at *2 (N.D. Cal. Mar. 18, 2013).

In this case, Clips asserts in its motion to dismiss that the Settlement Agreement bars all of Garrow's claims. (Doc. 8) Garrow argues in her response that the document does not bar her claims, but she does not dispute its authenticity. (Doc. 15) The Settlement Agreement "is an integral part of her allegations, for she would have no valid claims unless the [Settlement Agreement] did not bar them." *Birdsong v. AT & T Corp.*, 2013 WL 1120783, at *2 (N.D. Cal. Mar. 18, 2013). Accordingly, the court will consider the Settlement Agreement when ruling on the pending motion to dismiss.

As the court noted above, Garrow filed a Charge of Discrimination with the Arizona Attorney General's Office on January 14, 2021. (Doc 8-3, p. 2)  On February 10, 2021, Garrow filed a report with the Marana Police Department charging the General Manager Acevedo and others with false imprisonment. (Doc. 1, p. 3); *see* (Doc. 8-2) Shortly afterwards, Garrow was terminated. (Doc. 1, p. 3) "In November of 2021, upon being advised by governmental agencies that they were unable to establish probable cause of unlawful discrimination, [Garrow] approached [Clips] seeking to resolve the dispute without either Party admitting liability." (Doc. 8-3, p. 2) On December 20, 2021, the parties entered

into a Confidential Settlement Agreement and Release ("Settlement Agreement") in which Garrow released any claims she had against Clips that occurred prior to the date of the agreement in exchange for $6,000.00. (Doc. 8, p. 11); (Doc. 8-3) She explicitly waived any claims under the ADE, ADEA and Title VII "as well as under any other statute or common law principles of similar effect." *Id.*, p. 4.

Nevertheless, "after Plaintiff deposited the settlement check, she proceeded to file [on January 7, 2022] a breach of contract action in Pima County Justice Court[1] against Tucson Clips asking that court to 'strike the unconscionable part of the contract or agreement settlement unilateral' and demanding $8,000.00 in relief." (Doc. 8, p. 10), (Doc. 8-4, pp. 3-4) Garrow asserted that Clips intentionally delayed payment of the check, breached the "unilateral (one sided)" contract, and committed "non communication, bad faith, non performance, [and] deceitful misrepresentation." (Doc. 8-4, p. 4) She further alleged that her copy of the agreement omitted pages seven and eight and she never received a copy of the parties' signatures. *Id.*

Apparently, delivery of the settlement check, which was cut on December 30, 2021, was delayed due to the holiday season. (Doc. 18-1, p. 12) It was eventually delivered on January 5, 2022 "within the time period stated in the Settlement Agreement." (Doc. 18-1, p. 12) Garrow "refused" to give Clips her email address, so a hard copy of the Settlement Agreement had to be sent by mail. *Id.* The hard copy, however, was inadvertently omitted from the envelope that contained the check. *Id.* Clips provided Garrow with a complete copy of the Agreement when Garrow filed her complaint in Justice Court and it learned of the oversight. *Id.*

On July 29, 2022, the Justice Court granted Clips's motion to dismiss the action with prejudice. (Doc. 8, p. 10); (Doc. 8-5); (Doc. 9, p. 1) It awarded sanctions against Garrow

---

[1] This court may take judicial notice of prior litigation. *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746, n. 6 (9th Cir. 2006) (Court took judicial notice of prior litigation, which found that the prior settlement was "fair, reasonable, and adequate.").

- 4 -

1in the amount of $5,000 for bringing the lawsuit in violation of the Settlement Agreement. *Id.*

Previously, on May 23, 2022, Garrow filed the pending Complaint in this court alleging discrimination. (Doc. 1) Clips's counsel cautioned Garrow that if she insisted on pursuing this action in federal court after her loss in Justice Court, "a similar result would be likely." (Doc. 9, p. 4) Nevertheless, on August 19, 2022, Garrow served the pending Complaint on Clips. *Id.* On September 8, 2022, Clips filed the pending motion to dismiss and pending motion for sanctions. (Doc. 8); (Doc. 9)

It appears that all of Garrow's claims are precluded because of the Settlement Agreement. (Doc. 8-3); *see, e.g., Pardi v. Kaiser Found. Hosps.*, 389 F.3d 840, 848 (9th Cir. 2004) ("The district court was correct to find the Settlement Agreement enforceable against [the employee] and we affirm the grant of summary judgment to [the employer] on [the employee's] state law and ADA claims relating to the acts that took place prior to execution of that agreement."). The claims in the Complaint accrued prior to the date of the Settlement Agreement. (Doc. 1) And Clips performed its obligation to deliver the $6,000.00. (Doc. 8-4, p. 5); (Doc. 8, p. 10) This court, however, need not decide for itself whether or not the Settlement Agreement is valid and enforceable. The Pima County Justice Court has already decided that, and Garrow cannot pursue a second action in federal court seeking a different result. (Doc. 8-5); *see Hastings v. Grundy*, 2020 WL 5517303, at *3 (D. Ariz. Sept. 14, 2020) ("In Arizona, the doctrine of claim preclusion, or res judicata, prevents a plaintiff from bringing a second lawsuit when a prior judgment on the merits was rendered by a court of competent jurisdiction and the matter now in issue between the same parties or their privities was, or might have been, determined in the former action.") (punctuation modified); *see, e.g., Derringer v. Sewell*, 2009 WL 1578292, at *3 (D. Ariz. June 3, 2009) (Replevin and tort claims brought in federal court were previously litigated in justice court and barred by res judicata.). The motion to dismiss should be granted.

In her response, Garrow asserts generally that she has a Fourteenth Amendment right to due process and equal protection and a Seventh Amendment right to a trial by jury for

Case 4:22-cv-00243-RM-LAB   Document 21   Filed 12/14/22   Page 5 of 7

in the amount of $5,000 for bringing the lawsuit in violation of the Settlement Agreement. *Id.*

Previously, on May 23, 2022, Garrow filed the pending Complaint in this court alleging discrimination. (Doc. 1) Clips's counsel cautioned Garrow that if she insisted on pursuing this action in federal court after her loss in Justice Court, "a similar result would be likely." (Doc. 9, p. 4) Nevertheless, on August 19, 2022, Garrow served the pending Complaint on Clips. *Id.* On September 8, 2022, Clips filed the pending motion to dismiss and pending motion for sanctions. (Doc. 8); (Doc. 9)

It appears that all of Garrow's claims are precluded because of the Settlement Agreement. (Doc. 8-3); *see, e.g., Pardi v. Kaiser Found. Hosps.*, 389 F.3d 840, 848 (9th Cir. 2004) ("The district court was correct to find the Settlement Agreement enforceable against [the employee] and we affirm the grant of summary judgment to [the employer] on [the employee's] state law and ADA claims relating to the acts that took place prior to execution of that agreement."). The claims in the Complaint accrued prior to the date of the Settlement Agreement. (Doc. 1) And Clips performed its obligation to deliver the $6,000.00. (Doc. 8-4, p. 5); (Doc. 8, p. 10) This court, however, need not decide for itself whether or not the Settlement Agreement is valid and enforceable. The Pima County Justice Court has already decided that, and Garrow cannot pursue a second action in federal court seeking a different result. (Doc. 8-5); *see Hastings v. Grundy*, 2020 WL 5517303, at *3 (D. Ariz. Sept. 14, 2020) ("In Arizona, the doctrine of claim preclusion, or res judicata, prevents a plaintiff from bringing a second lawsuit when a prior judgment on the merits was rendered by a court of competent jurisdiction and the matter now in issue between the same parties or their privities was, or might have been, determined in the former action.") (punctuation modified); *see, e.g., Derringer v. Sewell*, 2009 WL 1578292, at *3 (D. Ariz. June 3, 2009) (Replevin and tort claims brought in federal court were previously litigated in justice court and barred by res judicata.). The motion to dismiss should be granted.

In her response, Garrow asserts generally that she has a Fourteenth Amendment right to due process and equal protection and a Seventh Amendment right to a trial by jury for

"suits at common law." (Doc. 15)  She does not explain, however, how those rights apply here. The court's application of res judicata does not appear to violate her due process rights. She already has had her "day in court." *Hall v. Lalli*, 194 Ariz. 54, 57, 977 P.2d 776, 779 (1999)  (Due process "dictates that a party has the right to be heard," but a lawsuit will be precluded if "a former judgment on the merits was rendered by a court of competent jurisdiction and the matter now in issue" is "between the same parties or their privities."). Moreover, constitutional rights may be waived, and Garrow has done so.  *See Fuller v. City of Oakland, Cal.*, 47 F.3d 1522, 1530 (9th Cir. 1995), as amended (Apr. 24, 1995) ("There is no dispute that the Seventh Amendment right to a jury trial, like other constitutional rights, can be waived.")

Garrow further argues that Clips breached the contract by "non-performance, non-communication, and the untimely delivery of the executed signature page of the contract." (Doc. 15, p. 2)  She provides, however, no further explanation or citation to relevant authority.  Finally, Garrow asserts that she was engaged in a protected activity and has a valid cause of action pursuant to Title VII.  *Id.*

Some of Garrow's arguments were raised previously in Justice Court.  Some are new. All of them are precluded.  *See Hastings v. Grundy*, 2020 WL 5517303, at *3 (D. Ariz. Sept. 14, 2020)  (Res judicata applies to issues that were previously decided in a former action or "might have been.").

RECOMMENDATION

The Magistrate Judge recommends that the District Court, after its independent review of the record, enter an order

GRANTING the defendant's motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6), filed on September 8, 2022.  (Doc. 8)

Pursuant to 28 U.S.C. §636 (b), any party may serve and file written objections within 14 days of being served with a copy of this report and recommendation.   If objections are not timely filed, the party's right to de novo review may be waived.  The Local Rules permit

the filing of a response to an objection. They do not permit the filing of a reply to a response without the permission of the District Court.

DATED this 14th day of December, 2022.

*Leslie A. Bowman*
Leslie A. Bowman
United States Magistrate Judge