**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Mary S. Garrow, | ) | No. CV 22-00243-TUC-RM (LAB) |
| Plaintiff, | ) | REPORT AND RECOMMENDATION |
| vs. | ) | |
| Tucson Clips, LLC, doing business as Great Clips, | ) | |
| Defendant. | ) | |

Pending before the court is a motion for sanctions, filed by the defendant, Tucson Clips ("Clips"), on September 8, 2022. (Doc. 9)  The plaintiff, Mary Garrow, filed a response on October 31, 2022. (Doc. 16)  Clips filed a reply on November 10, 2022. (Doc. 19)

The case has been referred to the Magistrate Judge for report and recommendation in accordance with 28 U.S.C. § 636(b)(1) and LRCiv. 72.1 and 72.2.  (Doc. 7)

The plaintiff, Garrow, maintains that she suffered discrimination while working as a hair stylist at Great Clips.  (Doc. 1)  On May 23, 2022, Garrow filed in this court a Complaint, which is separated into four claims: (1) Discrimination: Race/Age; (2) Retaliation; (3) Preferential Treatment, Under Title VII; and (4) Intentional Infliction of Emotional Distress (IIED). (Doc. 1, pp. 2-3) Service was accomplished on August 19, 2022. (Doc. 11)

1    On September 8, 2022, Clips filed a motion to dismiss pursuant to Fed.R.Civ.P.

2    12(b)(6). (Doc. 8)  That same day, it filed the pending motion for sanctions. (Doc. 9)  Clips

3    maintains that the Complaint was filed in bad faith because Garrow and Clips entered into

4    a Settlement Agreement in December of 2021 that precludes all of Garrow's claims.  *Id.*

5    Clips argues that sanctions should be awarded pursuant to Fed.R.Civ.P. 11(c), 28 U.S.C. §

6    1927, and A.R.S. § 12-349.  *Id.*  It moves in the alternative for attorneys' fees and costs

7    pursuant to the Settlement Agreement itself.  *Id.*

8

9    Discussion

10    Garrow maintains that she suffered discrimination while working as a hair stylist at

11    Great Clips. (Doc. 1)  Garrow filed a Charge of Discrimination with the Arizona Attorney

12    General's Office on January 14, 2021. (Doc 8-3, p. 2)   On February 10, 2021, Garrow filed

13    a report with the Marana Police Department charging the General Manager Acevedo and

14    others with false imprisonment. (Doc. 1, p. 3); *see* (Doc. 8-2) Shortly afterwards, Garrow

15    was terminated from her position. (Doc. 1, p. 3)

16    "In November of 2021, upon being advised by governmental agencies that they were

17    unable to establish probable cause of unlawful discrimination, [Garrow] approached [Clips]

18    seeking to resolve the dispute without either Party admitting liability." (Doc. 8-3, p. 2)  On

19    December 20, 2021, the parties entered into a Confidential Settlement Agreement and

20    Release ("Settlement Agreement") in which Garrow released Clips of any liability for

21    anything that happened prior to that date in exchange for $6,000.00. (Doc. 8, p. 11); (Doc.

22    8-3); (Doc. 9, p. 3)  She explicitly waived any claims under the ADE, ADEA and Title VII

23    "as well as under any other statute or common law principles of similar effect." (Doc. 8, p.

24    4.); (Doc. 9, p. 3)

25    Nevertheless, "after Plaintiff deposited the settlement check, she proceeded to file [on

26    January 7, 2022] a breach of contract action in Pima County Justice Court against Tucson

27    Clips asking that court to 'strike the unconscionable part of the contract or agreement

28    settlement unilateral' and demanding $8,000.00 in relief." (Doc. 8, p. 10); (Doc. 8-4, p. 3);

1
2
3
4
5

(Doc. 9, pp. 3-4)  Garrow asserted that Clips intentionally delayed payment of the check, breached the "unilateral (one sided)" contract, and committed "non [-] communication, bad faith, non [-] performance, [and] deceitful misrepresentation." (Doc. 8-4, p. 4)  She further alleged that her copy of the Settlement Agreement omitted pages seven and eight and she never received a copy of the parties' signatures.  *Id.*

6
7
8
9
10
11
12
13

Apparently, delivery of the settlement check, which was cut on December 30, 2021, was delayed due to the holiday season.  (Doc. 18-1, p. 12)  It was eventually delivered on January 5, 2022 "within the time period stated in the Settlement Agreement."  (Doc. 18-1, p. 12)  Garrow "refused" to give Clips her email address, so a hard copy of the Settlement Agreement had to be sent by mail.  *Id.*  The hard copy, however, was inadvertently omitted from the envelope that contained the check.  *Id.*  Clips provided Garrow with a complete copy of the Settlement Agreement when Garrow filed her complaint in Justice Court and Clips learned of the oversight.  *Id.*

14
15
16
17

On July 29, 2022, the Justice Court granted Clips's motion to dismiss the action with prejudice and awarded sanctions in the amount of $5,000 against Garrow for bringing the lawsuit in violation of the Settlement Agreement. (Doc. 8, p. 10); (Doc. 8-5); (Doc. 9, pp. 1, 4)

18
19
20
21
22
23

Previously, on May 23, 2022, Garrow filed a Complaint in this court alleging discrimination. (Doc. 1)  Clips's counsel cautioned Garrow that if she insisted on pursuing this action in federal court after her loss in Justice Court, "a similar result would be likely." (Doc. 9, p. 4)  Nevertheless, on August 19, 2022, Garrow served the pending Complaint on Clips. *Id.*; (Doc. 11)  On September 8, 2022, Clips filed a motion to dismiss and the pending motion for sanctions. (Doc. 8); (Doc. 9)

24
25

Clips argues first that sanctions should be awarded pursuant to Fed.R.Civ.P. 11. (Doc. 9)  Rule 11(b) explains that:

26
27
28

> By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

(1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;

(2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law . . . .

Fed. R. Civ. P. 11(b).  "If, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation." Fed. R. Civ. P. 11(c).

Clips argues that sanctions are appropriate here because Garrow filed a frivolous Complaint.  (Doc. 9, pp. 3-4)  It reasons that the Complaint is frivolous because the Settlement Agreement precludes all of her claims and Garrow knew this was true because the Pima County Justice Court ruled that the Settlement Agreement was valid and enforceable.  *Id.*

Rule 11 sanctions, however, are only available by motion[1] if the offending party is warned that such a motion is in the offing and refuses to withdraw the objectionable filing. Fed.R.Civ.P.  The motion for sanctions must be served on the offending party first. Fed.R.Civ.P. 11(c)(2).  It may only be filed in the District Court if the objectionable filing is not withdrawn or corrected within 21 days after service of the motion.  *Id.*

In this case, the motion for sanctions was served on Garrow on the same day that it was filed in this court, September 8, 2022.  (Doc. 9, p. 7)  Garrow was not give the 21-day "safe harbor" provision required by Rule 11(c)(2).  Fed.R.Civ.P.  Clips's motion for sanctions pursuant to Rule 11 should be denied.  *See, e.g., Retail Flooring Dealers of Am., Inc. v. Beaulieu of Am., LLC*, 339 F.3d 1146, 1150 (9th Cir. 2003) ("[T]he purpose of the safe harbor is to give the offending party the opportunity, within 21 days after service of the

---

[1]  This court expresses no opinion as to whether the District Court could or should impose sanctions *sua sponte* pursuant to Rule 11(c)(1).  *See Matsumaru v. Sato*, 521 F. Supp. 2d 1013, 1016 (D. Ariz. 2007)  ("The Court may impose sanctions on its own initiative after the complaint is dismissed . . . when a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons.") (punctuation modified).

1  motion for sanctions, to withdraw the offending pleading *and thereby escape sanctions*.")
2  (emphasis in original).

3  Clips explains that it did try to warn Garrow informally that if she pursued her action
4  in federal court after losing in Justice Court, "a similar result would be likely." (Doc. 9, p.
5  4) This, however, is not enough. *Barber v. Miller*, 146 F.3d 707, 710 (9th Cir. 1998) ("It
6  would . . . wrench both the language and purpose of the amendment to the Rule to permit an
7  informal warning to substitute for service of a motion."). The defendant's motion for
8  sanctions pursuant to Rule 11 should be denied.

9  Clips further argues that sanctions are appropriate pursuant to 28 U.S.C. § 1927.
10  (Doc. 9, p. 4) The statute provides as follows:

11  > Any attorney or other person admitted to conduct cases in any court of the
12  > United States or any Territory thereof who so multiplies the proceedings in any
     > case unreasonably and vexatiously may be required by the court to satisfy
     > personally the excess costs, expenses, and attorneys' fees reasonably incurred
13  > because of such conduct.

14  28 U.S.C.A. § 1927.

15  "Because the section authorizes sanctions only for the multiplication of proceedings,
16  it applies only to unnecessary filings and tactics once a lawsuit has begun." *In re Keegan*
17  *Mgmt. Co., Sec. Litig.*, 78 F.3d 431, 435 (9th Cir. 1996) (punctuation modified).
18  Accordingly, "§ 1927 cannot be applied to an initial pleading" such as a complaint *Id.*
19  Sanctions are not available here pursuant to 28 U.S.C. § 1927.

20  Clips further argues that sanctions should be awarded pursuant to A.R.S. § 12-349.
21  (Doc. 9, p. 5) The statute reads in pertinent part as follows:

22  > Except as otherwise provided by and not inconsistent with another statute, in
     > any civil action commenced or appealed in a court of record in this state, the
23  > court shall assess reasonable attorney fees, expenses and, at the court's
     > discretion, double damages of not to exceed five thousand dollars against an
24  > attorney or party, including this state and political subdivisions of this state, if
     > the attorney or party does any of the following:

25  > 1. Brings or defends a claim without substantial justification.

26  > 2. Brings or defends a claim solely or primarily for delay or harassment.

27  > 3. Unreasonably expands or delays the proceeding. . . .

28

1   A.R.S. § 12-349(A).

2       Section 12-349, however, is a state procedural statute that applies only to state

3   proceedings.  It does not apply to actions filed in federal court.  *In re Larry's Apartment,*

4   *L.L.C.*, 249 F.3d 832, 838 (9th Cir. 2001)  ("In other words, the federal courts must be in

5   control of their own proceedings and of the parties before them, and it is almost apodictic

6   that federal sanction law is the body of law to be considered in that regard.");  *Pacesetter*

7   *Consulting LLC v. Kapreilian*, No. CV-19-00388-PHX-DWL, 2021 WL 4820485, at *4 (D.

8   Ariz. Oct. 15, 2021)  ("[T]he Ninth Circuit has held that § 12-349 cannot serve as the basis

9   for an award of sanctions by a federal court for litigation conduct occurring in federal

10  court.").  Sanctions are not available here pursuant to A.R.S. § 12-349.

11      Finally, Clips argues that this court should award attorneys' fees and costs pursuant

12  to the Settlement Agreement itself.  That document provides that "the prevailing party in any

13  action, suit or legal proceeding brought to enforce the Agreement's terms . . . shall be entitled

14  to recover attorneys' fees and costs incurred in such action or suit." (Doc. 9, p. 6)  Clips has

15  not, however, provided the court with sufficient information to properly evaluate its

16  attorneys' fees and costs, assuming it is the prevailing party in this action.  This part of the

17  motion should be denied without prejudice.  Clips may file an appropriate motion pursuant

18  to LRCiv 54.1 and 54.2 after entry of judgment.

19

20      RECOMMENDATION

21      The Magistrate Judge recommends that the District Court, after its independent review

22  of the record, enter an order

23      Denying the motion for sanctions, filed by the defendant, Tucson Clips ("Clips"), on

24  September 8, 2022.  (Doc. 9)  Clips may file a motion for attorneys' fees and costs pursuant

25  to LRCiv 54.1 and 54.2 after entry of judgment assuming it is the prevailing party.

26      Pursuant to 28 U.S.C. §636 (b), any party may serve and file written objections within

27  14 days of being served with a copy of this report and recommendation.   If objections are

28  not timely filed, the party's right to de novo review may be waived.  The Local Rules permit

the filing of a response to an objection.  They do not permit the filing of a reply to a response without the permission of the District Court.

DATED this 9th day of January, 2023.

Leslie A. Bowman
United States Magistrate Judge