**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Mary S Garrow, | No. CV-22-00243-TUC-RM (LAB) |
| Plaintiff, | **ORDER** |
| v. | |
| Tucson Clips LLC, | |
| Defendant. | |

On December 14, 2022, Magistrate Judge Leslie A. Bowman issued a Report and Recommendation ("R&R") (Doc. 21), recommending that this Court grant Defendant's Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) (Doc. 8). Plaintiff filed an Objection to the R&R (Doc. 22) and the time for Defendant to respond has expired. *See* LRCiv 7.2(c). For the following reasons, the R&R will be affirmed, the Objection overruled, and the Motion to Dismiss granted.

**I.     Background**

Plaintiff Mary Garrow ("Garrow" or "Plaintiff") was employed at Defendant Tucson Clips LLC ("Defendant" or "Tucson Clips") as a hair stylist during the time the events giving rise to the Complaint took place. (Doc. 1 at 2.) Garrow filed a charge of discrimination against Defendant with the Arizona Attorney General's Office on January 14, 2021 and received a Notice of Right to Sue letter on February 16, 2022. (Doc. 21 at 1;

Doc. 22.)[1]

On February 10, 2021, Garrow filed a report with the Marana Police Department alleging that Defendant's General Manager Heather Acevedo ("Acevedo") and others had falsely imprisoned her. (Doc. 8-2; Doc. 21 at 1-2.) According to the police report, Garrow reported that on February 6, 2021, at the end of her shift, Acevedo and another employee, store manager Natalie Olson ("Olson"), locked the door to the business and told Plaintiff that she needed to complete some paperwork related to a client complaint against her. (Doc. 8-2.) Garrow stated that she was held against her will and was not allowed to leave, other than to obtain the business key from her car. (*Id*.) She stated that she was locked in the business for approximately one-and-a-half hours while being forced to complete paperwork. (*Id*.) The investigating officer contacted Olson, who stated that the client complaint led to Garrow being written up and suspended from work and that the business doors were not locked during the time that Garrow and Acevedo were addressing the client complaint. (*Id*.) The investigating officer then contacted Acevedo, who stated that she had locked the front door of Tucson Clips for safety reasons as the business was closed during the time at issue. (*Id*.) Acevedo further stated that she never told Garrow she could not leave and that Garrow could have left at any time through the unlocked back door. (*Id*.) The investigating officer, upon determining that probable cause for the crime of false imprisonment did not exist, declined to refer the matter for prosecution. (*Id*.) Thereafter, Tucson Clips terminated Garrow.

Garrow filed her Complaint on May 23, 2022, alleging four claims against Tucson Clips: (1) Discrimination: Race/Age; (2) Retaliation; (3) Preferential Treatment Under Title VII[2]; and (4) Intentional Infliction of Emotional Distress. (Doc. 1.) In support of her first claim, Plaintiff alleges that Defendant "subjected her to a hostile work environment," "different terms and conditions of employment," "frequent and overburdensome

---

[1] The R&R notes that Garrow did not attach the Notice of Right to Sue letter to her Complaint. (Doc. 21 at 2.) However, it is attached to her Objection. (Doc. 22.)

[2] Although the Complaint does not specifically state that the claim is raised pursuant to Title VII of the Civil Rights Act, Defendant and the Court are proceeding on the understanding that the Civil Rights Act is the statute on which Plaintiff relies.

discipline," "written reprimands," "misconduct allegations," "retaliations," and "eventual wrongful termination." (*Id*. at 2.) In support of her second claim, Plaintiff alleges that Acevedo suspended Plaintiff for two days without pay and wrongfully terminated her after Plaintiff filed the false imprisonment report with the Marana Police Department. (*Id*. at 3.) In support of her third claim, Plaintiff alleges that in March 2020, Defendant hired a "significantly younger, non-African American" hair stylist and gave her "full-time hours" while keeping Plaintiff at part-time, which Plaintiff asserts amounted to a hostile work environment and preferential treatment of the new stylist. (*Id*.) In support of her fourth claim, Plaintiff alleges that she suffered "significant hair loss" due to stress resulting from the "constant hostility," "mistreatment," and "abuse" she experienced at Tucson Clips. (*Id*. at 3.)

On September 8, 2022, Defendant filed a Motion to Dismiss. (Doc. 8.) Defendant argues that: (1) Plaintiff has failed to state a claim upon which relief can be granted because she has failed to identify a specific legal or statutory basis for her claims of discrimination, retaliation, Title VII violation, and intentional infliction of emotional distress, such that Defendant lacks meaningful notice of the claims against it; (2) Plaintiff has failed to allege facts or law supporting claims of age or racial discrimination, including allegations that her termination was due to racial discrimination as required for a racial discrimination claim; (3) Plaintiff has failed to allege facts or law supporting a retaliation claim because she has not alleged any unlawful employment practice underlying her termination; and (4) Plaintiff has failed to allege that any preferential treatment given to another employee was based on discriminatory reasons. (Doc. 8.)

Defendant further argues that the Complaint was filed in bad faith because on December 20, 2021, Plaintiff and Defendant entered into a Settlement Agreement regarding all the alleged claims in the Complaint. (*Id*. at 8-11.) The Settlement Agreement contained the following relevant provisions:

. . . .

. . . .

> 3. Mutual Releases. Each party …releases, discharges and acquits the other Party …from any and all charges, complaints, claims, causes of action, …allegations, promises, damages and liabilities of any kind or nature whatsoever, both at law and equity, known or unknown…arising from conduct occurring on or before the last counterpart signature date on this Agreement.
>
> 6. Full and Final Release. Claimant acknowledges that she may have sustained damages, losses or expenses which are presently unknown or unexpected and/or future damages, losses or expenses which are not anticipated or known arising out of or in connection with the facts, relationships, transactions and occurrences which have or could have been the subject of the Claims, Additional Claims, Charge of Discrimination, dispute and/or damages alleged against Respondents. Nevertheless, Claimant acknowledged that this Agreement has been negotiated and accepted in light of such knowledge, and further, being fully aware of these possibilities, Claimant expressly waives and relinquishes all rights benefits that she had or may have . . . Claimant acknowledges that she is forever precluded from filing any lawsuit in any court of law or equity in any jurisdiction, making any claim whatsoever against Respondents and/or the Released Parties, or making any further demands in any way arising out of or relating to arising from conduct occurring on or before the last counterpart signature date on this Agreement.

(Doc. 8 at 9-10.)

Pursuant to the Settlement Agreement, Plaintiff released her claims against Defendant in exchange for the sum of $6,000. (Doc. 21 at 2.) However, after Plaintiff deposited the settlement check, she filed a breach of contract lawsuit against Defendant in Pima County Justice Court, challenging the validity of the Settlement Agreement and requesting $8,000 in relief. (Doc. 8 at 10.) The Justice Court granted Defendant's motion to dismiss in that case and awarded sanctions against Plaintiff for violating the Settlement Agreement. (*Id*.) Defendant thus argues that the instant Complaint is evidence of Plaintiff's bad faith. (*Id*. at 10-11.) Defendant further argues that, because Plaintiff fails to allege any new claims outside the scope of the Settlement Agreement and because she

- 4 -

expressly and voluntarily agreed to release any claims against Defendant arising out of her employment, allowing her an opportunity to amend the Complaint would be futile. (*Id*. at 10-11.)

Lastly, Defendant argues that the Complaint is barred by the principle of res judicata. (*Id*. at 11-12.) Defendant argues that Plaintiff already contested the enforceability of the Settlement Agreement in the Justice Court lawsuit and that the Justice Court entered judgment in Defendant's favor, enforced the Settlement Agreement, and awarded sanctions against Plaintiff. (*Id*. at 12; *see also* Doc. 8-5.) Thus, Defendant argues that res judicata applies because this lawsuit involves the same claims and parties and the Justice Court lawsuit concluded with a final judgment on the merits. (*Id*.) Defendant requests that (1) the Complaint be dismissed with prejudice; (2) it be awarded attorney's fees and costs upon filing such an application pursuant to A.R.S. § 12-349; and (3) it be awarded double damages up to $5,000 pursuant to A.R.S. § 12-349. (*Id*. at 13.)

In response to the Motion to Dismiss, Plaintiff argues that (1) she has a Seventh and Fourteenth Amendment right to a jury trial; (2) she was "engaged in a protected activity" at the time of her suspension and subsequent termination, and but for the filing of the false imprisonment report with the Marana Police Department, she would not have been terminated; (3) the conduct by Defendant that she opposed was an "unlawful employment practice"; and (4) Defendant breached the contract[3] by "non-performance, non-communication, and the untimely delivery of the executed signature page of the contract." (Doc. 15.)

In reply, Defendant argues that allowing Plaintiff to go forward on her claims would allow her to continue a pattern of harassment of Defendant and improper utilization of the legal system. (Doc. 18.) Defendant avers that, after the Justice Court matter was dismissed, Plaintiff filed a complaint in Maricopa County Superior Court against Defendant's counsel personally, seeking $1,000,000 in compensation. (*Id*.) Defendant notes that Plaintiff fails to address the res judicata argument and raises no

---

[3] "The contract" apparently refers to the Settlement Agreement.

disputes concerning the prior Justice Court litigation or its preclusive effect. (*Id*.) Defendant further argues that Plaintiff makes no effort to provide support for the contention that any of Defendant's actions were motivated by discriminatory intent. (*Id*.) Defendant argues that reporting an alleged crime does not constitute a protected activity or identity under Title VII, and thus cannot be the basis for a claim of discriminatory adverse action under Title VII. (*Id*.) Defendant contends that, because Plaintiff has failed to state a claim upon which relief can be granted, the Seventh and Fourteenth Amendments do not give her a right to a jury trial. (*Id*.)

## II.     Report and Recommendation

The R&R recommends granting Defendant's Motion to Dismiss because Plaintiff's claims are barred by both the Settlement Agreement and res judicata based on the Justice Court lawsuit. (Doc. 21.) The R&R finds that the claims raised in the Complaint accrued prior the date of execution of the Settlement Agreement, and that Defendant fulfilled its obligation to pay Plaintiff $6,000 in exchange for her release of any claims arising prior to that date. (*Id*. at 5.) The Court concludes that it need not reach the issue of whether the Settlement Agreement is valid and enforceable, because that issue was already decided by the Justice Court. (*Id*.) Thus, under res judicata, Plaintiff cannot seek a different result in a subsequent lawsuit in federal court. (*Id*.) The R&R finds that Plaintiff has not adequately argued or explained how or why the application of res judicata would violate her due process rights, including her right to a jury trial, since she has already had her day in court. (*Id*. at 6.) Because res judicata bars not only arguments raised in a previous lawsuit, but also any that might have been raised and decided in the former action, the R&R concludes that all of Plaintiff's claims should be dismissed. (*Id*.)

The R&R notes that delivery of the settlement check, which was cut on December 30, 2021, was delayed due to the holiday season but nevertheless delivered within the agreed-upon period, on January 5, 2022. (Doc. 21 at 4.) A hard copy of the Settlement Agreement was inadvertently omitted from that mailing, but Defendant provided Plaintiff

- 6 -

a complete copy of it when Plaintiff filed the complaint in Justice Court. (*Id.*)

### III. Standard of Review

A district judge must "make a de novo determination of those portions" of a magistrate judge's "report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). The advisory committee's notes to Rule 72(b) of the Federal Rules of Civil Procedure state that, "[w]hen no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation" of a magistrate judge. Fed. R. Civ. P. 72(b) advisory committee's note to 1983 addition. *See also Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999) ("If no objection or only partial objection is made, the district court judge reviews those unobjected portions for clear error."); *Prior v. Ryan*, CV 10-225-TUC-RCC, 2012 WL 1344286, at *1 (D. Ariz. Apr. 18, 2012) (reviewing for clear error unobjected-to portions of Report and Recommendation).

### IV. Objection

Plaintiff's Objection asserts various facts related to the delay in receiving her settlement check and the paper copy of the Settlement Agreement. (Doc. 22.) Plaintiff argues that the Magistrate Judge failed to rule on the "policies and procedures of Tucson Clips" other than those related to the false imprisonment police report. (*Id.*) She further argues that because the discrimination and retaliation allegations were not addressed at the hearing before the Magistrate Judge or in the R&R, this Court must address them in order to comport with due process. (*Id.*)

### V. Analysis

Plaintiff's Objection fails to identify specific issues or findings in the R&R with which Plaintiff disagrees. Plaintiff generally disputes the R&R's failure to address the allegations raised in her Complaint on the merits. But the R&R explains that the Court need not, and indeed cannot, reach the merits of any of Plaintiff's claims because the Justice Court action determined that the parties' Settlement Agreement was valid and enforceable, and that Agreement precluded Plaintiff from bringing any further claims

against Tucson Clips that accrued or might have accrued prior to the Agreement. The Objection does not raise any issues related to the Magistrate Judge's determination that the principle of res judicata applies to the instant action. The Objection does not raise any issues related to the terms of the Settlement Agreement, under which Plaintiff agreed to release any claims against Tucson Clips related to or arising out of her employment there prior to the date of the Agreement. The Objection does not raise any issues related to the Justice Court's determination that the Settlement Agreement was valid and enforceable.

Despite the general and conclusory nature of the arguments raised in the Objection, the Court has reviewed the entire record de novo and has found no error in the R&R.

Accordingly,

**IT IS ORDERED** that the Report and Recommendation (Doc. 21) is **accepted and adopted in full**.

**IT IS FURTHER ORDERED** that Defendant's Motion to Dismiss (Doc. 8) is **granted**. The Complaint (Doc. 1) is **dismissed with prejudice**. The Clerk of Court is directed to enter judgment accordingly and close this case.

Dated this 21st day of March, 2023.

Honorable Rosemary Márquez
United States District Judge