Jason R. Mullis
Arizona Bar No. 024289
jmullis@wshblaw.com
Taila K. Lewis
Arizona Bar No. 036689
tklewis@wshblaw.com
**WOOD, SMITH, HENNING & BERMAN LLP**
2525 E. Camelback Road, Suite 450
Phoenix, Arizona 85016-4210
Phone: 602-441-1300 ♦ Fax: 602-441-1350

*Attorneys for Defendant Tucson Clips LLC*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| MARY S GARROW,<br><br>                   Plaintiff,<br><br>v.<br><br>TUCSON CLIPS LLC,<br><br>                   Defendant. | Case No. 4:22-cv-00243-TUC-RM (LAB)<br><br>**DEFENDANT TUCSON CLIPS, LLC'S MOTION FOR ATTORNEYS' FEES AND RELATED NON-TAXABLE EXPENSES AND SUPPORTING MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>(Assigned to Magistrate Judge Leslie A. Bowman) |

Defendant Tucson Clips, LLC (hereinafter "Tucson Clips") respectfully files its Motion for Attorneys' Fees and Non-Taxable Expenses ("Motion"). Tucson Clips is eligible and entitled to $13,702.50 in attorneys' fees and $181.90 in non-taxable expenses. *See Taila K. Lewis Affidavit attached as Exhibit 1.* After good faith efforts to confer with Plaintiff Mary Garrow ("Plaintiff") regarding the issue of attorneys' fees and costs, Tucson Clips' counsel was unable to make contact with Plaintiff to arrange a conference to discuss the same. *See Statement of Consultation attached as Exhibit 2.* As such, Tucson Clips files this Motion for Attorneys' Fees and Non-Taxable Expenses to seek relief from Plaintiff's litigious scheme. This Motion is supported by the accompanying Supporting Memorandum of Points and Authorities and all the pleadings of record herein, which are incorporated herein by this reference.

/ / /

27899837.1:10358-0024

## SUPPORTING MEMORADUM OF POINTS AND AUTHORITIES

**I.      Eligibility**

      A.      <u>Standard of Review</u>

A party seeking an award of attorneys' fees and non-taxable expenses must show it is eligible and entitled to an award and that the amount is reasonable. LRCiv 54.2(c). To show eligibility, a party must specify the judgment and cite the applicable authority upon which it seeks the award. *Id*.

      B.      <u>Statutory and Contractual Authority for Attorneys' Fees and Non-Taxable Expenses</u>

           i.      42 U.S.C. § 2000e-5(k)

Tucson Clips is entitled to recover its attorneys' fees and non-taxable expenses under 42 U.S.C. § 2000e-5(k). Under 42 U.S.C. § 2000e-5(k), a court is authorized, in its discretion, to award "the prevailing party. . . a reasonable attorney's fee (including expert fees) as part of the costs" in cases where plaintiffs raise federal civil rights claims. 42 U.S.C. § 2000e-5(k); See also, *Harris v. Maricopa County Superior Court,* 631 F.3d 963, 971 (9th Cir. 2011) ("Courts are permitted to award attorneys' fees to . . . prevailing defendants under 42 U.S.C. § 2000e-5(k)."). Here, Plaintiff raised claims under Title VII of the Civil Rights Act of 1964. Specifically, Plaintiff raised civil rights claims regarding race discrimination, retaliation, and preferential treatment against her employer, Tucson Clips. Since Plaintiff's Complaint – and all her civil rights claims – were dismissed upon this Court granting Tucson Clips' Motion to Dismiss Plaintiff's Complaint ("Motion to Dismiss"), Tucson Clips is entitled to its attorneys' fees relating to the Motion to Dismiss. *See Documents 25 & 26.*

           ii.      Settlement Agreement

Additionally, Tucson Clips is entitled to recover its attorneys' fees and costs per the December 20, 2021, Settlement Agreement (the "Agreement"). Pursuant to Arizona Revised Statute § 12-341.01 "[i]n any contested action arising out of a contract, express or implied, the court may award the successful party reasonable attorney fees." Here, the Agreement provides that the prevailing party in any action brought to enforce the Agreement's terms

"shall be entitled to recover attorneys' fees and costs incurred in such action or suit."

> "6.   Full and Final Release. Claimant acknowledges that she may have sustained damages, losses or expenses which are presently unknown or unexpected and/or future damages, losses or expenses which are not anticipated or known arising out of or in connection with the facts, relationships, transactions, and occurrences which have or could have been the subject of the Claims, Additional Claims, Charge of Discrimination, dispute and/or damages alleged against Respondents. Nevertheless, Claimant acknowledges that this Agreement has been negotiated and accepted in light of such knowledge, and further, being fully aware of these possibilities, Claimant expressly waives and relinquishes all rights and benefits that she had or may have . . . **Claimant acknowledges that she is forever precluded from filing any lawsuit in any court of law or equity in any jurisdiction, making any claim whatsoever against Respondents and/or the Released Parties, or making any further demands in any way arising out of or relating to conduct occurring on or before the last counterpart signature date on this Agreement.**
>
> "17.   Material Breach. Upon material breach of this AGREEMENT, an affected Party may initiate legal action to recover damages and/or injunctive relief, and the PARTIES hereby stipulate to the appropriateness of injunctive relief in such an action. **The prevailing party in any action**, suit or legal proceedings brought to enforce the AGREEMENT'S terms, including confidentiality, **shall be entitled to recover attorneys' fees and costs incurred in such action or suit**."

*See Document 8 at Exhibit 3.* Here, Plaintiff materially breached the Agreement by filing the subject Complaint because her claims arose out of her employment with Tucson Clips and was thus waived by the Agreement. Moreover, Plaintiff breached the Agreement when she filed the subject Complaint alleging claims that she *explicitly* waived in the Agreement, such as any claims arising from her employment with Tucson Clips under The Age Discrimination in Employment Act of 1967 ("ADEA") or Title VII of the Civil Rights Acts of 1964 ("Title VII").

> "4.   Waiver of Unknown Claims. The parties understand, and **claimant acknowledges, that she is releasing any and all charges, claims and actions under the ADE, ADEA, and/or Title VII arising out of Claimant's employment with Respondents**, except any charge, claim or action based upon rights or claims that may arise under the ADE, ADEA, or Title VII after the Effective Date of this Agreement."

*See Document 8 at Exhibit 3.* In Plaintiff's Complaint, she alleged both an age discrimination claim under the ADEA, and a race-based claim under Title VII in her Complaint that were based upon her employment with Tucson Clips and did not arise from

actions after the effective date of the Agreement. *See Document 1*. Thus, Plaintiff materially breached the Agreement when she violated provisions 6 and 4 of the Agreement.

C. <u>Nature of the Case</u>

This case stems from alleged civil rights violations in the workplace and a breach of contract. In February 2020, Tucson Clips hired Plaintiff as a hairdresser. Plaintiff proved to be a difficult employee and received complaints from customers and co-workers alike. In February 2021, Plaintiff filed a false imprisonment claim with the local police department when Tucson Clips' management asked Plaintiff to stay after hours to go over a customer's complaint. Plaintiff was terminated shortly thereafter because of the false imprisonment claim. After termination, Plaintiff sought unemployment benefits which she was ultimately denied. Plaintiff further filed a complaint with the Equal Employment Opportunity Commission ("EEOC") alleging claims of race and age discrimination against Tucson Clips. Plaintiff was issued a right to sue letter as there was insufficient evidence to support her claims. *See Taila K. Lewis Affidavit attached as Exhibit 1.*

In December 2021, Plaintiff and Tucson Clips came to a Settlement Agreement (the "Agreement") whereby Plaintiff agreed to release all claims, including claims under The Age Discrimination in Employment Act of 1967 ("ADEA") and Title VII of the Civil Rights Acts of 1964 ("Title VII"). *See Taila K. Lewis Affidavit attached as Exhibit 1.* Five months later, Plaintiff filed the instant Complaint, alleging claims of age and race discrimination, retaliation, preferential treatment, and intentional infliction of emotional distress. *See Document 1*. Whereupon Tucson Clips filed a Motion to Dismiss and a Motion for Sanctions. *See Documents 8 and 9*. Oral argument was held before a Magistrate Judge who recommended that Plaintiff's Complaint be dismissed with prejudice in its entirety and deny the Motion for Sanctions. *See Documents 21 and 23*.

On March 22, 2023, this Court entered Judgment accepting and adopting in full the Report and Recommendation of the Magistrate Judge. *See Documents 25 & 26.* Thereby, dismissing Plaintiff's Complaint with prejudice. *See Document 26.* This Court further accepted and adopted in full the Magistrate Judge's Report and Recommendation regarding

Tucson Clips' Motion for Sanctions. *See Document 24.* In that Report and Recommendation, the Magistrate Judge recommended denying the Motion for Sanctions, but stated that Tucson Clips could file a Motion for Attorneys' Fees and Costs pursuant to LRCiv 54.1 and 54.2 after entry of judgment – assuming Tucson Clips was the prevailing party. *See Document 23.*

Here, Tucson Clips is the prevailing party as this Court granted Tucson Clips' Motion to Dismiss in its entirety. Judgement was entered on March 22, 2023, dismissing Plaintiff's case with prejudice, which was an adjudication on the merits that achieved a benefit sought by Tucson Clips. *See Document 26.* <u>Thus, Tucson Clips prevailed on all claims with the dismissal of Plaintiff's Complaint *with prejudice.*</u>

## II. Entitlement

To show entitlement to an award of attorneys' fees and non-taxable expenses, a party must discuss the relevant factors used to determine whether an award should be allowed. LRCiv 54.2(c). Courts should award attorneys' fees to prevailing defendants in civil rights cases only where the case was "unreasonable, frivolous, meritless, or vexatious." *Vernon v. City of L.A.,* 27 F.3d 1385, 1402 (9th Cir. 1994). "An action becomes frivolous when the result appears obvious, or the arguments are wholly without merit." *Galen v. Cnty. Of L.A.,* 477 F.3d 652, 666 (9th Cir. 2007). The question is whether the case was frivolous "at any point during the litigation, not just at its inception." *Id.*

### A. <u>Tucson Clips is the Prevailing Party.</u>

Tucson Clips is the prevailing party in this matter. A prevailing party is the party that has been awarded some relief by the Court. *Buchannon Bd & Care Home, Inc. v. W. Virginia Dept' of Health & Huma. Res.,* 532 U.S. 598, 603 (2001). "The touchstone of the prevailing party inquiry must be the material alteration of the legal relationship of the parties." *Texas State Teachers Assn. v. Garland Independent School Dist.,* 489 U.S. 782, 792-93 (1989). The defendant may be the prevailing party, even if a court rejects the plaintiff's claims for non-merits-based reasons, because the defendant has fulfilled their objective when the plaintiff's challenge is rejected. See *CRST Van Expedited, Inc. v. E.E.O.C.,* 136 S. Ct. 1642,

1646 (2016).

Here, the relationships of the parties changed when this Court granted Tucson Clips' Motion to Dismiss with prejudice. At that time, Tucson Clips was awarded relief by the Court when it entered its Judgment and closed the case. Tucson Clips fulfilled its objective when the Court granted its Motion to Dismiss, thereby relieving Tucson Clips of incurring more litigation fees and (hopefully) finally being rid of Plaintiff. Therefore, Tucson Clips is the prevailing party.

B.   Plaintiff's Complaint Was Frivolous, Meritless, and Wholly Groundless.

Under 42 U.S.C. § 2000e-5(k), this Court is authorized, in its discretion, to award "the prevailing party. . . a reasonable attorney's fee (including expert fees) as part of the costs." See also, *Harris v. Maricopa County Superior Court,* 631 F.3d 963, 971 (9th Cir. 2011) ("Courts are permitted to award attorney's fees to . . . prevailing defendants under 42 U.S.C. § 2000e-5(k)."). Additionally, prevailing defendants may recover fees only for claims that are "frivolous, unreasonable, or groundless." *Id*. "To put a finer point on it, a defendant is entitled only to 'the amount of attorneys' fees attributable exclusively to' a plaintiff's frivolous claims." *Id.* (quoting *Tuto-Saliba Corp. v. Hailey,* 452 F.3d 1055, 1064 (9th Cir. 2006)). "Fees may be awarded only for frivolous claims, and a defendant bears the burden of establishing that the fees from which it is asking are in fact incurred solely by virtue of the need to defend against those frivolous claims." *Id*.; See also *Wilson v. Goumas,* No. CV-21-01705-PHX-DLR, 2023 WL 2648142 at *1 (D. Ariz. March 27, 2023) ("Section 2000e-5(k) permits the Court in a Title VII case to shift fees to a prevailing defendant, but the Court may do so only upon a finding that the <u>plaintiff's case was frivolous, unreasonable, or without foundation, or if the plaintiff continued to litigate after the claim clearly became so</u>.") This policy was expressly adopted to avoid discouraging civil rights plaintiffs from bringing claims, but then also penalize those plaintiffs that bring frivolous claims. *Id*.

At the inception of Plaintiff's Complaint, her claims were frivolous, unreasonable, and groundless as she had waived all alleged claims in the Agreement five months previous to her filing the subject Complaint. The Agreement clearly provided that Plaintiff waived all

known and unknown claims, and expressly provided waiver of claims under Title VII and the ADEA. *See Document 8 at Exhibit 3.* Here, Plaintiff's Complaint alleged claims that fall under both of those statutes, thus they were waived. Tucson Clips' attorneys tried to make Plaintiff see reason and discuss with her that she was breaching the Agreement by filing and serving such Complaints, but she would not see reason. She continued to pursue this line of litigation to which Tucson Clips incurred thousands of dollars in attorneys' fees and non-taxable expenses.

Moreover, Plaintiff's claims were more clearly frivolous, unreasonable, and without foundation on the principles of res judicata after the Pima County Justice Court dismissed her other action against Tucson Clips with prejudice. Before Plaintiff filed the subject Complaint, she filed a separate Complaint in the Pima County Justice Court challenging the enforceability of the Agreement. After Tucson Clips filed a Motion to Dismiss, the Pima County Justice Court dismissed Plaintiff's Complaint *with prejudice*. *See Document 8 at Exhibit 5*. After Judgment was entered, Tucson Clips' counsel again tried to reason with Plaintiff regarding the fruitless venture she was on against Tucson Clips, but she still refused to see reason. Thus, once the Pima County Justice Court dismissed Plaintiff's action, Plaintiff was on notice that her campaign of terror was useless and that moving forward with litigation in this Court was frivolous, unreasonable, and without foundation.

### III. Reasonableness of Requested Award

To determine whether an award is reasonable, courts assess the following factors: (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the undesirability of the case, (11) the nature and lengths of the professional relationship with the client, and (12) awards in similar cases. See LRCiv 54.2(c)(3).

### A. Time and Labor Required of Counsel

Tucson Clips' Counsel ("Counsel") put in a total of 64.6 hours into defending against Plaintiff's Complaint. These hours do not include time spent on Tucson Clips' Motion for Sanction as Tucson Clips did not prevail on that motion. Rather, these hours are focused on all the procedural matters involved with responding to and defending against Plaintiff's civil rights allegations.

### B. The Novelty and Difficulty of the Questions Presented

Plaintiff's Complaint presented a puzzling mess as Counsel tried to decipher each of Plaintiff's civil rights allegations and determine whether her claims were precluded by the Agreement or res judicata. The questions presented dealt with regular Federal Rules of Civil Procedure 12(b)(6) issues, however, the standards for the Federal Civil Rights claims Plaintiff raised required specific pleading requirements that had to be researched. Additionally, the issue of res judicata had to be reviewed and analyzed to make sure that it was applicable to the matter at hand and could be properly raised in Tucson Clips' Motion to Dismiss. Res Judicata is a standard area of the law but hardly ever brought before courts as most attorneys know to avoid such issues. Here, however, Plaintiff clearly did not understand the concept when Tucson Clips' Counsel tried to explain it to her and thus had to argue it before this Court.

### C. The Skill Requisite to Perform Legal Services Properly

Not only did this case pertain to a contract, but it also was a civil rights case. As such, it required a moderate amount of skill to research and defend against Plaintiff's claims. See *Pittman v. Grand Canyon University,* No. CV-22-00254-PHX-DJH, 2023 WL 315273 at * 3 (D. Ariz. Jan. 19, 2023) ("The Court finds it takes a moderate amount of skill to litigate civil rights cases."). Tucson Clips' Counsel does not regularly defend against civil rights allegations, so it had to familiarize itself with the current case law and standards in order to properly defend Tucson Clips.

/ / /

/ / /

D. <u>Customary Fee Charged in Matters of the Type Involved</u>

Counsel charges a lower rate than most civil litigation law firms as it contracts with insurance companies who endure heavy litigation costs. Wood, Smith, Henning and Berman charged $225.00 an hour for a partner and $200.00 an hour for an associate, significantly lower than those charged within the industry at large. The fees and time are well within a reasonable range for the service provided. *See Task-Based Itemized Statements attached as Exhibit 3*. Of note, these rates are at, or below, the market rate for employment law services in the Phoenix metropolitan area, as Plaintiff's allegations raised issues of civil rights in the workplace.

E. <u>Whether the Fee Contracted Between the Attorney and the Client is Fixed or Contingent</u>

This fee was neither fixed nor contingent as insurance litigation bills hourly, as was the case in this litigation. *See Taila K. Lewis Affidavit attached as Exhibit 1*. Additionally, insurance litigation is billed according to the insurance carrier's guidelines, rather than a specific fee agreement entered into on a case-by-case basis. Here, there was no specific fee agreement regarding litigation between Plaintiff and Tucson Clips, rather, the billable hour rate was determined by the insurance carrier's guidelines. *See Statement of No Fee Agreement attached as Exhibit 4*.

F. <u>Any Time Limitations Imposed by the Client or the Circumstances</u>

No time limitations were imposed.

G. <u>The Amount of Money, or the Value of the Rights Involved and the Results Obtained</u>

Plaintiff sought an incredible sum - $500,000.00 - in compensatory damages for Tucson Clips' perceived civil rights violations. *See Document 1*. The Court ultimately dismissed this action with prejudice because it is barred by res judicata and the Agreement. *See Documents 25 & 26.*

/ / /

/ / /

### H. The Experience, Reputation, and Ability of Counsel

Tucson Clips' attorneys possessed the appropriate degree of skill required to adequately address Plaintiff's legal arguments and factual misrepresentations to the Court. Partner Jason R. Mullis has practiced law for over fifteen years and Associate Taila K. Lewis has practiced law for two years. Their combined efforts led to all relevant issues being addressed before this Court and a determination to dismiss Plaintiff's Complaint with prejudice.

### I. The "Undesirability" of the Case

This case was undesirable as it was frivolous, and it continued Plaintiff's vexatious litigation against Tucson Clips. Plaintiff's anger towards Tucson Clips eventually turned to Tucson Clips' attorneys where she filed two State Bar complaints against them and further filed a separate civil action against Partner Jason R. Mullis. Needless to say, that taking on Plaintiff and her claims against Tucson Clips opened up the door for Plaintiff to have a vendetta against Tucson Clips and its attorneys, which made this case very undesirable in this context.

### J. Awards in Similar Actions

The rates charged by Tucson Clips' attorneys are comparable to awards in similar cases. In *Pittman*, another civil rights case, the defendants charged $250.00/hour for Partners and $200.00/hour for Associates and the Court deemed it reasonable. *Pittman v. Grand Canyon University,* No. CV-22-00254-PHX-DJH, 2023 WL 315273 at * 3 (D. Ariz. Jan. 19, 2023). Of note, courts have held in civil rights cases that attorney billing rates of up to $350.00/hour and $400.00/hour was reasonable. *Casavelli v. Johanson,* No. CV-20-00497-PHX-JAT, 2021 WL 3400608 at *7-8 (D. Ariz. July 20, 2021). Thus, Tucson Clips' attorneys' billable rates are comparable to other awarded attorneys' fees and are reasonable.

## IV. CONCLUSION

Based on the foregoing, Tucson Clips is eligible and entitled to its attorneys' fees and non-taxable expenses in this action. Tucson Clips seeks all its fees incurred except for those attorneys' fees incurred specifically for its Motion for Sanctions. As to all other attorneys'

fees, Tucson Clips believes that it is eligible and entitled to an award of those fees. Plaintiff's claims were frivolous and groundless at the very inception of the Complaint and yet she would not see reason as Tucson Clips' counsel tried to discuss with her that her Complaint directly violates the Settlement Agreement. Tucson Clips' counsel further tried to make Plaintiff see reason once her Complaint in Pima County Justice Court was dismissed with prejudice, but to no avail. At that point in time, her Complaint was within the realm of res judicata and should have been voluntarily dismissed. Instead, Plaintiff stubbornly continued her litigious nature against Tucson Clips. As such, Tucson Clips requests this Court award Tucson Clips its attorneys' fees in the amount of $13,702.90 and its non-taxable expenses in the amount of $181.90.

DATED: April 5, 2023

WOOD, SMITH, HENNING & BERMAN LLP

By: _____
JASON R. MULLIS
TAILA K. LEWIS
*Attorneys for Defendant Tucson Clips LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on the 5th day of April 2023, I electronically transmitted the attached document to the Clerk's office using the CM/ECF System for filing and sent via U.S. Mail to:

Mary Garrow
4684 West Lindenthal Lane
Tucson, AZ 85742
Msgbeauty520@yahoo.com
*Plaintiff in pro per*

By: */s/ Wendy L. Echols*