**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Mary S Garrow, | No. CV-22-00243-TUC-RM (LAB) |
| Plaintiff, | **ORDER** |
| v. | |
| Tucson Clips LLC, | |
| Defendant. | |

Pending before the Court is Defendant Tucson Clips, LLC's Motion for Attorneys' Fees and Related Non-Taxable Expenses. (Doc. 27.) Plaintiff did not respond, and the time for doing so has passed.[1] LRCiv 7.2(c). For the reasons that follow, the Motion will be denied.

**I.    Background**

Plaintiff was employed by Tucson Clips, LLC ("Defendant") during the events giving rise to the Complaint. (Doc. 1 at 2.) In January 2021, Plaintiff filed a charge of employment discrimination against Defendant with the U.S. Equal Employment Opportunity Commission. (*Id.*; Doc. 8-3 at 2.) In February 2021, Plaintiff filed a report with the Marana Police Department alleging that Defendant's general manager and others had falsely imprisoned her. (Doc. 1 at 3; Doc. 8-2.) The Marana Police Department did not refer the incident for prosecution because the investigating officer determined probable cause did not exist. (Doc. 8-2 at 5.) Defendant subsequently terminated

---

[1] Defendant avers that it made good-faith efforts to confer with Plaintiff regarding attorneys' fees and costs, but Defendant was unable to contact Plaintiff. (Doc. 27 at 1.)

Plaintiff. (Doc. 1 at 3.)

In December 2021, Plaintiff and Defendant entered into a Settlement Agreement containing the following relevant provisions:

> 4. Waiver of Unknown Claims. The parties understand, and claimant acknowledges, that she is releasing any and all charges, claims and actions under the ADE, ADEA, and/or Title VII arising out of Claimant's employment with Respondents, except any charge, claim or action based upon rights or claims that may arise under the ADE, ADEA, or Title VII after the Effective Date of this Agreement…
>
> 6. Full and Final Release. Claimant acknowledges that she may have sustained damages, losses or expenses which are presently unknown or unexpected and/or future damages, losses or expenses which are not anticipated or known arising out of or in connection with the facts, relationships, transactions and occurrences which have or could have been the subject of the Claims, Additional Claims, Charge of Discrimination, dispute and/or damages alleged against Respondents. Nevertheless, Claimant acknowledged that this Agreement has been negotiated and accepted in light of such knowledge, and further, being fully aware of these possibilities, Claimant expressly waives and relinquishes all rights benefits that she had or may have . . . Claimant acknowledges that she is forever precluded from filing any lawsuit in any court of law or equity in any jurisdiction, making any claim whatsoever against Respondents and/or the Released Parties, or making any further demands in any way arising out of or relating to arising from conduct occurring on or before the last counterpart signature date on this Agreement…
>
> 17. Material Breach. Upon material breach of this agreement, an affected Party may initiate legal action to recover damages and/or injunctive relief, and the parties hereby stipulate to the appropriateness of injunctive relief in such an action. The prevailing party in any action, suit or legal proceedings brought to enforce the agreement's terms, including confidentiality, shall be entitled to recover attorneys' fees and costs incurred in such action or suit."

(Doc. 27 at 3; Doc. 8-3.) After signing the Settlement Agreement, Plaintiff filed a breach of contract lawsuit against Defendant in Pima County Justice Court, challenging the Agreement's validity. (Doc. 8 at 10; Doc. 8-4.) In July 2022, the Justice Court granted Defendant's motion to dismiss for failure to state a claim with prejudice and awarded sanctions of $5,000 against Plaintiff for bringing suit in violation of the Settlement Agreement. (Doc. 8 at 10; Doc. 8-5.)

On May 23, 2022, Plaintiff filed the instant Complaint against Defendant. (Doc. 1.) Plaintiff begins her "Statement of Claims" by asserting that "Plaintiff filed her

Employment Charge of Discrimination on January 14, 2021, which gave rise to the issuance of Plaintiff's Right to Sue letter dated February 16, 2022." (*Id.* at 2.) Plaintiff, who proceeded pro se, alleged four claims against Defendant: (1) age and race discrimination; (2) retaliation; (3) preferential treatment under Title VII[2] of the Civil Rights Act of 1964; and (4) intentional infliction of emotional distress. (*Id.* at 2-3.) Defendant filed a Motion to Dismiss for failure to state a claim upon which relief may be granted, pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. 8.)

Magistrate Judge Leslie A. Bowman issued a Report and Recommendation ("R&R"), finding that all the claims raised in the Complaint occurred before the date of the execution of the Settlement Agreement and, thus, were precluded by the Agreement. (Doc. 21 at 5.) The R&R also found that Plaintiff's claims were barred by res judicata in light of the Pima County Justice Court judgment finding the Settlement Agreement valid. (*Id.*) Therefore, the R&R recommended this Court grant Defendant's Motion to Dismiss. (*Id.* at 6.) This Court adopted the R&R in full over Plaintiff's objection, thereby dismissing the Complaint with prejudice.[3] (Doc. 25.)

Defendant then filed the pending Motion for Attorneys' Fees and Related Non-Taxable Expenses. (Doc. 27.) Defendant avers that it is entitled to $13,702.50 in attorneys' fees and $181.90 in non-taxable expenses under 42 U.S.C. § 2000e-5(k) and per the Settlement Agreement. (*Id.*)

**II.   Legal Standard**

Under Title VII of the Civil Rights Act, the Court, "in its discretion, may allow the prevailing party ... a reasonable attorney's fee." 42 U.S.C. § 2000e–5(k). A prevailing party "achieve[s] a material alteration of the legal relationship of the parties." *Jankey v.*

---

[2] As the Court previously noted, "[a]lthough the Complaint does not specifically state that the claim is raised pursuant to Title VII of the Civil Rights Act, Defendant and the Court are proceeding on the understanding that the Civil Rights Act is the statute on which Plaintiff relies." (Doc. 25 at 2, n.2.)
[3] Defendant also filed a Motion for Sanctions, arguing that the Court should award Defendant sanctions because Plaintiff filed the Complaint in bad faith. (Doc. 9.) Magistrate Judge Bowman issued an R&R recommending this Court deny the Motion for Sanctions but stated that Defendant could file a motion for attorneys' fees and costs. (Doc. 23 at 6.) Neither party filed objections, and this Court adopted the R&R in full. (Doc. 24.)

*Poop Deck*, 537 F.3d 1122, 1129–30 (9th Cir.2008) (internal quotation marks omitted). The standard promulgated by the Supreme Court provides that a district court may award attorneys' fees to a prevailing defendant in a Title VII action only "upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation." *Christiansburg Garment Co. v. Equal Empl. Opportunity Commn.*, 434 U.S. 412, 421 (1978). In applying this standard, a district court must not "engage in post hoc reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation." *Id.* at 421–22.

The *Christiansburg* standard is strict to promote the "vigorous prosecution of civil rights violations under Title VII," and it is applied with particular rigor in cases with a pro se plaintiff. *Miller v. Los Angeles County Bd. of Educ.*, 827 F.2d 617, 619-620 (9th Cir. 1987). The Ninth Circuit has evaluated three factors to determine whether to grant a fee award against a pro se civil rights plaintiff: (1) whether the court dismissed the action before proceeding to trial; (2) whether the plaintiff recognized the merits, or lack thereof, of her claims; and (3) whether the plaintiff acted in bad faith. *Minor v. Fedex Off. & Print Services, Inc.*, 205 F. Supp. 3d 1081, 1087 (N.D. Cal. 2016) (citing *Miller*, 827 F.2d at 620).

### III.  Discussion

Because Defendant prevailed on all claims, which were dismissed with prejudice, the Court finds that Defendant is the prevailing party as required to obtain an attorneys' fee award under Title VII. *See Minor*, 205 F. Supp. at 1087 (finding defendants were prevailing parties where plaintiff's claims were dismissed with prejudice on grounds that the claims were barred by res judicata). Because Defendant is the prevailing party, the Court will address the factors set forth by the Ninth Circuit to determine whether Plaintiff's claims were "frivolous, unreasonable, or without foundation" to warrant an attorneys' fee award. *Christiansburg*, 434 U.S. at 421. Because Plaintiff proceeded pro se, the Court must apply this standard "with particular strictness." *Miller*, 827 F.2d at 620.

Because Plaintiff's Complaint was dismissed with prejudice on a motion to dismiss before proceeding to trial, the first factor favors granting attorneys' fees. (Docs. 21, 25.) The Court notes, however, "that this early dismissal limited the burden of litigating this case" on Defendant. *Minor*, 205 F. at 1087.

Under the second factor, the Court evaluates whether Plaintiff recognized the merits of her case. In *Miller*, the Ninth Circuit cautioned that "pro se plaintiffs cannot simply be assumed to have the same ability as a plaintiff represented by counsel to recognize the objective merit (or lack of merit) of a claim." 827 F.2d at 620. In that case, the Court reversed an attorneys' fee award against a pro se plaintiff whose claim had previously been rejected by the Equal Employment Opportunity Commission, the California Labor Commission, and the California Department of Fair Employment and Housing. *Id.* The Ninth Circuit concluded that the district court erred in relying on those rejections to find that the plaintiff's claim was frivolous because "it is unclear whether [the plaintiff's] initial claims were found to be frivolous by these agencies." *Id.*; *see also Minor*, 205 F. Supp. at 1088 ("prior rejections of a plaintiff's complaint, without a frivolous finding, do not support an award of fees").

Here, Plaintiff received a letter from the U.S. Equal Employment Opportunity Commission ("EEOC"), officially notifying Plaintiff of her "right to sue" Defendant in "federal or state court" based on her charge of employment discrimination. (Doc. 22 at 4.) The letter informed Plaintiff that the EEOC's decision not to proceed further with investigating her claims "does not mean the claims have no merit," nor does the determination "certify that the respondent is in compliance with the statutes." (*Id.*) The letter instructed Plaintiff to "file a complaint in court within 90 days" if she wanted to "file a lawsuit against the respondent(s) named in the charge of discrimination." (*Id.* at 5.) The letter is dated February 16, 2022, and Plaintiff filed the instant Complaint, which prominently references the letter, in May 2022. (*See* Doc. 1 at 2.) Thus, as in *Miller*, the EEOC's determination to close Plaintiff's case does not equate to the agency finding that her claims were frivolous. To the contrary, given the EEOC's affirmation that she had a

"right to sue" and that closing her case did not mean her claims were meritless, Plaintiff reasonably may have believed she had a viable Complaint. Furthermore, Plaintiff may have surmised that the EEOC's instructions superseded the waivers imposed by the Settlement Agreement and the prior Pima County Court judgment. Based on these circumstances, Defendant's argument that Plaintiff's Complaint was frivolous based on the Settlement Agreement or the EEOC's determination is unpersuasive.

Defendant's argument that "Plaintiff's claims were more clearly frivolous, unreasonable, and without foundation on the principles of res judicata" based on the Pima County Justice Court judgment is also unavailing. (Doc. 27 at 7.) As is the case here, pro se status is "particularly relevant" where the defendant prevails based on res judicata, which "involve[s] procedural rules that are difficult even for experienced lawyers and judges to apply, much less lay persons." *Chester v. St. Louis Hous. Auth.*, 873 F.2d 207, 209 (8th Cir. 1989). Consequently, "most courts that have addressed the issue have concluded dismissal based on the doctrine of claim preclusion or res judicata is not a proper basis for an award of attorneys' fees." *Minor v. Fedex Off. & Print Services, Inc.*, 205 F. Supp. 3d 1081, 1088 (N.D. Cal. 2016) (quoting *Gleason v. Gilmour*, 2011 WL 1458012, at *2 (D.Or. Apr. 12, 2011)). To complicate matters, Plaintiff's Complaint in the Pima County Justice Court challenged the enforceability of the Settlement Agreement itself; it did not raise claims based on employment discrimination. (*See* Doc. 8-4.) Thus, Plaintiff may not have deduced that the Pima County Justice Court judgment would bar her claims on a seemingly unrelated matter, particularly given the EEOC letter.

Based on the foregoing, the Court finds that the second factor weighs against granting attorneys' fees because it is reasonable to believe that Plaintiff did not recognize that her claims lacked merit. Given Plaintiff's pro se status, the Court cannot find that Plaintiff recognized, or should have recognized, that her claims were barred by res judicata or the Settlement Agreement. As to the third factor, bad faith, the Court finds that Defendant did not present evidence to establish that Plaintiff litigated this matter in bad faith. Defendant has not shown that Plaintiff made misrepresentations or, as

described above, that Plaintiff proceeded knowing her claims lacked merit. Therefore, the Court finds the third factor weighs against granting attorneys' fees.

Weighing the three factors, the Court concludes that Defendant has not established that Plaintiff's Complaint was "frivolous, unreasonable, or without foundation" to warrant the award of attorneys' fees. *Christiansburg*, 434 U.S. at 421. However, the Court cautions Plaintiff that additional claims against Defendant based on the allegations in this case will be barred by res judicata, and an award of attorneys' fees may be justified if Plaintiff brings another lawsuit against Defendant based on the same allegations asserted in this case.

Defendant also argues that it is entitled to attorneys' fees under the Settlement Agreement because the Agreement provides that the prevailing party in an action brought to enforce the Agreement's terms "shall be entitled to recover attorneys' fees and costs incurred in such action or suit." (Doc. 27 at 2-3.) The Court finds that because Plaintiff's Complaint was not brought to enforce the Settlement Agreement's terms, Defendant is not entitled to attorneys' fees under the Settlement Agreement.

Accordingly,

**IT IS ORDERED** that Defendant's Motion for Attorneys' Fees and Related Non-Taxable Expenses (Doc. 27) is **denied**.

Dated this 17th day of November, 2023.

_____
Honorable Rosemary Márquez
United States District Judge